**Wayne Schirvin SCHAPANSKY, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15772.**

Court of Criminal Appeals of Oklahoma.

Aug. 30, 1971.

Ed McConnel, Oklahoma City, Larry Harral, Legal Intern, for plaintiff in error.

Larry Derryberry, Atty. Gen., Jeff Hartmann, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Wayne Schirvin Schapansky, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County for the offense of Uttering a Forged Instrument; his punishment was fixed at six months imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

Because of the proposition asserted, we do not deem it necessary to recite the statement of facts. The sole proposition asserts that the trial court erred in requiring the jury to retire to deliberate further for the purpose of assessing additional punishment. The record reflects that the jury returned with a verdict of guilty, and recommended a suspended sentence, without stating the term of the sentence. The trial court, thereafter, stated as follows:

"THE COURT: Well, I think the verdict is insufficient to the extent that you have not said how much time the defendant should serve.

I'm going to have to send you back and have you agree on that. *It's all right to recommend a suspended sentence to the Court, but you can't recommend it without having already agreed upon what the punishment is to be.* So, I'll ask you to return to your juryroom and assess the penalty, and you can leave your statement

about the suspended sentence. This is within your province to recommend it, although that can't become a part of the sentence. It's just a recommendation on your part.

So, I'll ask you to return to your jury-room. Now we have given you Instructions, that it is up to seven years. In other words, *there's no minimum recited in the statute,* but you know that you have from, well, from one day to seven years is what it amounts to. So, you'd have to pick a sentence within that period." (Tr. 56) [Emphasis added].

We, therefore, find this proposition to be without merit. The judgment and sentence is accordingly affirmed.

NIX and BRETT, JJ., concur.